77,577-02
granted PC 1-14-15

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 05 2015

Abel Acosta, Clerk

# IN THE
## COURT OF CRIMINAL APPEALS
## OF TEXAS

### WR-77,577-02

HAMIS CHANDE,
*Applicant*

Seeking Habeas Corpus Relief
Under Article 11.07

v.

THE STATE OF TEXAS

On Collateral Review from 19th District Court
Of McLennan County, Texas
Cause No. 2012-338-C1C

## APPLICANT'S MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL OBJECTIONS IN VIEW OF THE UNITED STATES SUPREME COURT'S OPINION IN *RILEY v. CALIFORNIA*, 573 U.S.__ (2014)

Counsel for Applicant:

HAMIS CHANDE
ID: 1828317
DALHART UNIT
11950 FM 998
DALHART, TEXAS 79022-7624
(806) 249-8655

Applicant Pro Se

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Now comes HAMIS ATHOMAN CHANDE, Applicant, proceeding *pro se*, and respectfully requests leave to file second supplemental objections to the trial court's recommendation, in view of the United States Supreme Court's opinion in *Riley v. California*, 573 U.S. __ (2014).

## I.

## ADVANCING CLAIM OF ACTUAL INNOCENCE

In supporting of his prior original Memo, Objections, and first supplemental objections, files this motion to advance his claim of actual innocence. He maintains that he is actually innocent and would not have been convicted but for the following constitutional violation, *inter alia*, that: his conviction was obtained by using of evidence gained pursuant to an unconstitutional search-and-seizure.

Applicant notes first and foremost that the Supreme Court, in a unanimous opinion, cited the Fourth Amendment, and held: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." See *Riley*, 573 U.S. at __ (slip op. at 5); see also *Kyllo v. United States*, 533 U.S. 27, 31 (2001); *Bond v. United States*, 529 U.S. 334, 336 (2000). Therefore, Applicant argues that it is clear from a reading of *Riley* that the error here is structural in nature because the language of the Fourth Amendment's protection against unreasonable searches and seizures is clear and unambigous—i.e. the right "shall not be violated," thus, it is *mandatory*, non-waivable and if the right has been violated, "no harm analysis need to be done on this right" by a reviewing court. See *Riley*, 573 U.S. at __ (slip op. at 28)(affirming the judgment of the First Circuit without ordering a harmless-error review); see also *Missouri v. McNeely*, 133 S. Ct. 1552, 1568 (2013)(affirming the state high court's judgment *without* ordering a harmless-error review). And as such, this Court is *required* to follow the decision and reasoning of the Supreme Court in *Riley*. See *Guzman v. State*, 85 S.W. 3d 242, 243 (Tex. Crim. App. 2002); see also *Rey v. State*, 897 S. W.

1

2d 333, 344 (Tex. Crim. App. 1995) (holding that "because Fourth Amendment rights are federal constitutional rights, this Court must turn to guidance from the U.S. Supreme Court in this regard.").

## II.

## DENIAL OF SUPPRESSION OF EVIDENCE

In its decision to deny Applicant's requests for habeas corpus relief dated September 22, 2014, the trial court, "without entertain his argument on exclusionary rule objections," held that "there are no ... issues material to Applicant's claims which need to be resolved," Trial Court's "F & C" at 7 (note # 24), and thereby recommends to this Court that all relief be denied. (Id.). Applicant argues that the trial judge's failure to entertain his argument for suppression of the evidence of his conviction is in conflicts with this Court's holding in Holmes that trial judges "have an obligation to entertain evidence and argument on exclusionary rule objections and to independently and definitively resolve questions of law and fact presented by such objections." Holmes v. State, 248 S.W. 3d 194, 199 (Tex. Crim. App. 2008).

When reviewing the denial of [suppression of evidence], the Court review findings of fact for clear error and conclusions of law de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996). When the trial court does not file findings of fact, the Court assumes that the trial court made implicit findings that support its ruling, so long as those implied findings are supported by the record. See Corbin v. State, 85 S.W. 3d 272, 273 (Tex. Crim. App. 2002). This is such a case.

It is important to note that the State charged Applicant on specific offense of "Knowingly possess of cocaine with intent to deliver" in a drug-free zone. (CR at 7). And Applicant was found guilty on that charge by the jury. Applicant notes, the record reflects that the evidence to support his conviction were found after the search of closed opaque container in diningroom on top of table, (RRV at State's Exh. 2) by the officer from the Waco Police Department (or "WPD"). See WPD Evidence Inventory "Exhs. 2 & 3," (RRV at 5: Defendant's Exh. 5).

It is without question that the warrant, & (Id. at Exh. B:

2

Search Warrant) did not authorize to search the closed opaque container where all the evidence of Applicant's conviction were found. Applicant recognizes that under the fruit of the poisonous tree doctrine, all evidence derived from the exploitation of an illegal search-- where, as here-- must be suppressed. See U.S. v. Pack, 612 F. 3d 341, 366 (5th Cir. 2010)(DENNIS, J., dissenting); cert. denied, 131 S. Ct. 620, 178 L. Ed. 2d 450 (2010); see also U.S. v. Valentine, 591 F. Supp. 2d 238, 242 (E.D. N.Y. Dec. 24, 2008)(citing Wong Sun v. United States, 371 U.S. 471, 484-85 (1963)). As the Supreme Court has historically recognized that the warrant requirement is " an important working part of our machinery of government," not merely "an inconvenience to be somehow 'weighed' against the claims of police efficiency." Riley, 573 U.S. at __ (slip op. at 25-26)(citing Coolidge v. New Hampshire, 403 U.S. 443, 481 (1971)).

Based on the foregoing, Applicant argues the evidence of his conviction was illegally obtained by the police in violation of his rights under the Fourth Amendment. U.S. Const. amend. IV. He therefore argues that the trial court erred in denying implicitly his argument on exclusionary rule.

## III.
## CONSTITUTION MANDATE JUDGMENT OF ACQUITTAL

The Texas Court of Criminal Appeals has explained that its decision cannot affect the availability of legal bases articulated in federal court opinions. See Ex parte Hood, 211 S.W. 3d 767, 779 (Tex. Crim. App. 2007)(emphasis added). As such, Applicant asserts that the Fifth Circuit's opinion in U.S. v. Jenson, 462 F. 3d 399 (5th Cir. 2006) is instructive in this case. In that case, appellant appealed the denial of his motion to suppress evidence as a result of violation of his Fourth Amendment right. Id. at 402. The Fifth Circuit Court explained that because under the fruit of the poisonous tree doctrine, " all evidence derived from the... illegal search... must be suppressed," Id. at 408 & n. 13, and thereby reversed appellant's conviction and remanded the matter for entry of a judgment of acquittal. See id. at 409 (emphasis added).

Applicant claims there is inescapable legal bases articulated in Jenson, where, as here: First, because the evidence of his

3

conviction was illegally obtained, as a result, this Court must suppress all the evidence under the fruit of the poisonous tree doctrine, including "testimonials as to matters observed during an unlawful search" of the container. See *Johnson v. State*, 878 S.W. 2d 164, 168 (Tex. Crim. App. 1994) (citing *Wong Sun*, 371 U.S. at 485, 83 S. Ct. at 416); see also *Valentine*, 591 F. Supp. 2d at 242 ("This doctrine precludes the admission of primary, secondary or derivative evidence."). Second, the record reflects that upon suppression of the evidence to support Applicant's conviction, there is no other evidence to warrant for a new trial on the same charge. (emphasis added). He maintains that if this Court would reverse his conviction and order a new trial, it would violated his rights to due process of law. See *Thompson v. Louisville*, 362 U.S. 199, 206 (1960) (holding that "it is a violation of due process to convict and punish a man without evidence of his guilt."). Third, the Constitution mandates for a judgment of acquittal in this case. Therefore, upon suppression of the evidence of his conviction, this Court must reverse Applicant's conviction and remand this cause to the trial court for entry of a judgment of acquittal, *Jenson*, 462 F. 3d at 409, and thereby protect this Court's role in the enforcement of federal law and prevent disruption of "state judicial proceedings" and the problems of "finality and federal-state comity." (emphasis added). Applicant argues that to allow otherwise would defeat the presumption in favor of "comity and finality" and the constitutional preference for entry of a judgment of acquittal.

## Conclusion

This Honorable Court should grant leave freely to file this supplemental objection.

Respectfully Submitted,

Hamis Chande
ID: 1828317
Dalhart Unit
11950 FM 998
Dalhart, Tx 79022-7624
*Applicant Pro Se*

December 29, 2014